1 | Jim O. Whitworth (SBN 222031)
**LAW OFFICES OF**
2 | **JIM O. WHITWORTH**
8840 Warner Avenue, Suite 301
3 | Fountain Valley, CA  92708
(714) 841-0585 - telephone
4 | (714) 908-1754 - fax

5 | Attorneys for Plaintiffs,
**LORETTA HUNG and FRANCIS HUNG**

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | LORETTA M. HUNG, an individual, ) **Case No.:**
and FRANCIS HUNG, an individual, )
12 | 

|                                | )  **1.** | **VIOLATION OF SONG-** |
| Plaintiff,                     | )         | **BEVERLY CONSUMER** |
| vs.                            | )         | **WARRANTY ACT {Civil Code §** |
|                                | )         | **1790 et seq.};** |
| TOYOTA MOTOR SALES U.S.A.,     | )         | |
| INC., a corporation; VISTA LEXUS, | )      | |
| a business entity, form unknown; | )       | **2.  VIOLATION OF MAGNUSON-** |
| and DOES 1 through 10, inclusive, | )      | **MOSS WARRANTY –** |
|                                | )         | **FEDERAL TRADE** |
| Defendants.                    | )         | **COMMISSION IMPROVEMENT** |
|                                | )         | **ACT {15 U.S.C. § 2301 et seq.};** |

**BY FAX**

23 | Plaintiffs, LORETTA HUNG and FRANCIS HUNG (hereinafter referred to

24 | as th "HUNGS" or "PLAINTIFFS"), hereby alleges as follows:

25 | <u>**GENERAL ALLEGATIONS**</u>

26 | <u>**COMMON TO ALL CAUSES OF ACTION**</u>

27 | 1. PLAINTIFFS are individuals, residing in the city of BEVERLY

28 | HILLS, county of Los Angeles, in the state of California.

- 1 -

2.     PLAINTIFFS are informed and believe and thereon allege that Defendant, TOYOTA MOTOR SALES U.S.A., INC. is a corporation, currently doing business in the county of Los Angeles, state of California.

3.     PLAINTIFFS are informed and believe and thereon allege that Defendant, VISTA LEXUS is a business entity, form unknown, currently doing business in the city of Woodland Hills, county of Los Angeles, state of California.

4.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, are unknown to HUNG who therefore sues these Defendants by such fictitious names, and HUNG will seek leave to amend this Complaint to set forth their true names and capacities when HUNG has ascertained them.

5.     PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to HUNG as herein alleged.

6.     PLAINTIFFS are informed and believe, and thereon allege, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of their Co-Defendants.

7.     PLAINTIFFS are informed and believe, and thereon allege, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants and employees, and with the permission, consent, knowledge, and ratification of their Co-Defendants, principals, and employers.

8.     PLAINTIFFS are informed and believe, and thereon allege, that before September 25, 2005, Defendants, TOYOTA MOTOR SALES U.S.A., INC. and Does 1 through 5, and each of them (individually and collectively "MANUFACTURER"), manufactured and distributed, in the United States and

in the state of California, a consumer good identified as a new 2005 LEXUS RX330, vehicle identification number 2T2GA31UX5C042005 (the "SUBJECT VEHICLE"), for its eventual sale or lease to retail buyers or lessees.

9.     At all times mentioned herein, the SUBJECT VEHICLE was and is "consumer goods" as defined in Song-Beverly, Civil Code § 1791(a), in that it was and is a new product used or bought for use primarily for personal, family, or household purposes.

10.     At all times mentioned herein, the SUBJECT VEHICLE was and is a "consumer product" as defined in Magnuson-Moss, 15 U.S.C. § 2301(1), in that it was and is tangible personal property that is normally used for personal, family, or household purposes.

11.     On or about September 25, 2005, PLAINTIFFS purchased the SUBJECT VEHICLE primarily for personal, family, or household purposes from MANUFACTURER, through VISTA LEXUS, an authorized dealer and agent of MANUFACTURER, and Does 6 through 10, and each of them (individually and collectively "DEALER"), retail merchants authorized by MANUFACTURER to do business on behalf of MANUFACTURER in the state of California, for a total consideration over the term of the contract of $42,342.07.  At the time of purchase, the SUBJECT VEHICLE had 6 miles on its odometer.

12.     At the time of sale, MANUFACTURER appended to the SUBJECT VEHICLE an express written warranty in which it warranted to perform any repairs or replacement of parts necessary to ensure that the portion of the SUBJECT VEHICLE, and the components therein, were free from all defects in material and workmanship, and to perform any adjustments necessary to maintain the SUBJECT VEHICLE, and the parts, components, and various electrical and mechanical systems contained therein.

///

13.   PLAINTIFFS duly performed all the conditions on their part under the sales contract and under each of the express warranties referenced above, except insofar as the acts and omissions of Defendants, and each of them, as hereinafter alleged, prevented or excused such performance.

14.   PLAINTIFFS returned the SUBJECT VEHICLE to one of MANUFACTURER's authorized service and repair facilities for repairs under the warranties referenced above, because of defects, nonconformities, maladjustments, or malfunctions relating to difficulty starting; noise from driver's side rear; and the molding on the roof coming off.

15.   Subsequently, the SUBJECT VEHICLE exhibited further and additional defects, nonconformities, maladjustments, or malfunctions in the same components or systems.

16.   In addition, the SUBJECT VEHICLE subsequently exhibited new and different defects, nonconformities, maladjustments, or malfunctions.

17.   On each occasion on which the SUBJECT VEHICLE exhibited these defects, nonconformities, maladjustments, or malfunctions, as hereinabove described, PLAINTIFFS notified MANUFACTURER, through DEALER or one of its other authorized service and repair facilities, within a reasonable time after PLAINTIFFS' discovery thereof.

18.   On each occasion of notification, PLAINTIFFS attempted to invoke the applicable warranties, demanding that the authorized repair facilities repair such nonconformities under the warranties.

19.   On each such occasion, Defendants, and each of them, represented to PLAINTIFFS that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, or that they had successfully repaired the SUBJECT VEHICLE.

20.   However, Defendants, and each of them, failed to make the SUBJECT VEHICLE conform to the applicable warranties, despite a

- 4 -

reasonable number of attempts to do so.  On or about March 2008, PLAINTIFFS discovered that Defendants, and each of them, were unable or unwilling to make the SUBJECT VEHICLE conform to the applicable warranties

## **PARTIES**

21.    As used in this Complaint, the word "PLAINTIFFS" shall refer to Plaintiffs, LORETTA HUNG and FRANCIS HUNG.

22.    As used in this Complaint, the word "DEFENDANTS" shall collectively refer to "TOYOTA MOTOR SALES U.S.A., INC." and "VISTA LEXUS".

## **FIRST CAUSE OF ACTION**

## **BY PLAINTIFF AGAINST DEFENDANTS FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C. SECTION 2310(d) CIVIL CODE SECTION 1794(a)**

23.    PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 22 above.

24.    On or about September 25, 2005, PLAINTIFFS purchased a "new" 2005 LEXUS RX330, Vehicle Identification Number 2T2GA31UX5C042005 (hereinafter referred to as "SUBJECT VEHICLE") which was manufactured, distributed, and sold at retail by TOYOTA.  PLAINTIFFS purchased the SUBJECT VEHICLE from an entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail in the state of California.  The SUBJECT VEHICLE is the type of product which is ordinarily purchased primarily for personal, family, or household purposes.

25.    The contract for the sale of the SUBJECT VEHICLE was negotiated, agreed upon and executed in the state of California.  The delivery of the SUBJECT VEHICLE occurred in the state of California.   The total

consideration which PLAINTIFFS paid or agreed to pay was $42,342.07 for a "new" SUBJECT VEHICLE with 6 miles on the odometer.

26.   In connection with the purchase, the "new" SUBJECT VEHICLE was accompanied by DEFENDANTS' express written warranties in which DEFENDANTS undertook to preserve or maintain the utility or performance of the SUBJECT VEHICLE or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranties provided, in relevant part, that in the event a defect developed with the SUBJECT VEHICLE during the warranty period, PLAINTIFFS could deliver the SUBJECT VEHICLE for repair services to DEFENDANTS' representative and the SUBJECT VEHICLE would be repaired.

27.   PLAINTIFFS discovered soon after purchase and during the warranty period, the SUBJECT VEHICLE contained or developed the following defects, including but not limited to: difficulty starting; noise from driver's side rear; and the molding on the roof coming off.

28.   Pursuant to 15 U.S.C. Section 2301 (which defines the implied warranty by borrowing the provisions of Civil Code Sections 1792 and 1791.1), the sale of the SUBJECT VEHICLE was accompanied by TOYOTA's implied warranty of merchantability.  The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by TOYOTA and in no event less than thirty (30) days or longer than one (1) year.

29.   The implied warranty of merchantability means and includes that the SUBJECT VEHICLE will comply with each of the following requirements: (1) The SUBJECT VEHICLE will pass without objection in the trade under the contract description; (2) the SUBJECT VEHICLE is fit for the ordinary purposes for which such goods are used; (3) the SUBJECT VEHICLE is adequately contained, packaged, and labeled; and (4) the SUBJECT

VEHICLE will conform to the promises or affirmations of fact made on the container or label.

30.   During the time period in which the implied warranty was in effect, the SUBJECT VEHICLE contained or developed the defects as stated in paragraph 8, above.  The existence of each of these defects constitutes a breach of the implied warranty because the SUBJECT VEHICLE (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

31.   PLAINTIFFS have rightfully rejected and/or justifiably revoked acceptance of the SUBJECT VEHICLE, and has exercised a right to cancel the sale.  By serving this Complaint, PLAINTIFFS do so again.  Pursuant to 15 U.S.C. Section 2310, PLAINTIFFS seek the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.  In the alternative, pursuant to 15 U.S.C. Section 2310, PLAINTIFFS seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the SUBJECT VEHICLE resulting from its defects. PLAINTIFFS believe that, at the present time, the SUBJECT VEHICLE's value is *de minimis*.

32.   PLAINTIFFS have been damaged by DEFENDANTS' failure to comply with their obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. Section 2310(d) and Civil Code Section 1794(a).

33.   DEFENDANTS do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and do not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT AND MAGNUSON-MOSS WARRANTY – FEDERAL TRADE COMMISSION IMPROVEMENT ACT

15 U.S.C. Section 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CAUSE OF ACTION

**BY PLAINTIFFS AGAINST DEFENDANTS FOR BREACH OF THE IMPLIED WARRANTY OF FITNESS 15 U.S.C. SECTION 2310(d) CIVIL CODE SECTION 1794(a)**

34.    PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 33 above.

35.    DEFENDANTS are manufacturers, distributors, or sellers who had reason to know at the time of the retail sale that the SUBJECT VEHICLE was required for a particular purpose and that PLAINTIFFS were relying on the DEFENDANTS' skill or judgment to select or furnish suitable goods.

36.    Pursuant to 15 U.S.C. Section 2301 (which defines the implied warranty by borrowing the provisions of Civil Code Section 1792.1), the sale of the SUBJECT VEHICLE was accompanied by DEFENDANTS' implied warranty that the SUBJECT VEHICLE would be fit for PLAINTIFFS' particular purpose.  The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by DEFENDANTS.

37.    During the time period in which the implied warranty was in effect, the SUBJECT VEHICLE contained or developed the defects stated in paragraph 8, above.  The existence of each of these defects constitutes a breach of the implied warranty because the SUBJECT VEHICLE is not fit for PLAINTIFFS' particular purpose.

38.    PLAINTIFFS have been damaged by DEFENDANTS' failure to comply with their obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. Section 2310(d) and Civil Code Section 1794(a).

///

39.    DEFENDANTS do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and do not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. Section 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## THIRD CAUSE OF ACTION

**BY PLAINTIFFS AGAINST TOYOTA MOTOR SALES U.S.A., INC. FOR BREACH OF EXPRESS WARRANTY**

**15 U.S.C. SECTION 2310(d) CIVIL CODE SECTION 1794(a)**

40.    PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 39, above.

41.    In accordance with DEFENDANTS' warranties, PLAINTIFFS delivered the SUBJECT VEHICLE to DEFENDANTS' representative to perform warranty repairs.  PLAINTIFFS did so within a reasonable time.  Each time PLAINTIFFS delivered the SUBJECT VEHICLE, PLAINTIFFS notified DEFENDANTS and their representative of the characteristics of the defects.  However, the representative failed to repair the SUBJECT VEHICLE, breaching the terms of the written warranty on each occasion.

42.    PLAINTIFFS have been damaged by DEFENDANTS' failure to comply with their obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. Section 2310(d) and Civil Code Section 1794(a).

43.    DEFENDANTS' failure to comply with their obligations under the express warranties was willful, in that DEFENDANTS and their representative were aware of their obligation to repair the SUBJECT VEHICLE under the express warranties, but they intentionally declined to fulfill that obligation.  Accordingly, pursuant to 15 U.S.C. Section 2310, PLAINTIFFS are entitled to

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT AND MAGNUSON-MOSS WARRANTY – FEDERAL TRADE COMMISSION IMPROVEMENT ACT

1  a civil penalty of two (2) times PLAINTIFFS' actual damages pursuant to Civil
2  Code Section 1794(c).

3      44.   DEFENDANTS do not maintain an informal dispute resolution
4  mechanism which complies with the requirements of 15 U.S.C. Section
5  2310(a) and the rules and regulations adopted pursuant thereto by the
6  Federal Trade Commission.

7                    **FOURTH CAUSE OF ACTION**
8  **BY PLAINTIFFS AGAINST DEFENDANTS FOR FAILURE TO REPAIR**
9           **WITHIN A REASONABLE NUMBER OF ATTEMPTS**
10     **15 U.S.C. SECTION 2310(d) CIVIL CODE SECTION 1794(a)**

11     45.   PLAINTIFFS incorporate by reference the allegations contained in
12 paragraphs 1 through 44, above.

13     46.   Although PLAINTIFFS delivered the SUBJECT VEHICLE to
14 DEFENDANTS' representative for repairs, DEFENDANTS and their
15 representative failed to service and repair the SUBJECT VEHICLE to conform
16 to the applicable warranties even after a reasonable number of attempts, in
17 violation of Civil Code Section 1793.2(d).

18     47.   PLAINTIFFS have been damaged by DEFENDANTS' failure to
19 comply with their obligations pursuant to Section 1793.2(d), and therefore
20 brings this claim pursuant to Section 1794.

21     48.   The provisions of Civil Code Section 1793.2(d) existed at the time
22 DEFENDANTS gave the express warranties and for that reason those
23 provisions were incorporated into the terms of the express warranties by
24 operation of California law.  *Swenson v. File*, 3 Cal.3d 389, 393; *Washington*
25 *Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998).
26 Accordingly, DEFENDANTS' violation of Section 1793.2(d) was a breach of
27 terms of the express warranty, and PLAINTIFFS bring this claim pursuant to
28 15 U.S.C. Section 2310(d).

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT AND MAGNUSON-MOSS WARRANTY –
FEDERAL TRADE COMMISSION IMPROVEMENT ACT

49.   DEFENDANTS' failure to comply with their obligations under the express warranty was willful, in that DEFENDANTS and their representative were aware that they were obligated to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of attempts, yet they failed to do so.   Accordingly, pursuant to 15 U.S.C. Section 2310, PLAINTIFFS are entitled to a civil penalty of two (2) times PLAINTIFFS' actual damages pursuant to Section 1794(c).

50.   DEFENDANTS do not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. Section 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## **PRAYER**

PLAINTIFFS PRAY for judgment against DEFENDANTS as follows:

1.   For PLAINTIFFS' damages in the amount of at least $42,342.07;

2.   For rescission/revocation of acceptance of the contract and restitution to PLAINTIFFS for no less than the amount of $42,342.07.

3.   For a civil penalty for no less than the amount of $84,684.14, which is two (2) times PLAINTIFFS' total damages pursuant to Civil Code Section 1794.

4.   For any consequential and incidental damages;

5.   For costs of the suit and PLAINTIFFS' reasonable attorneys' fees pursuant to 15 U.S.C. Section 2310(d) and Civil Code Section 1794;

6.   For prejudgment interest at the legal rate; and

///

///

///

///

///

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT AND MAGNUSON-MOSS WARRANTY –
FEDERAL TRADE COMMISSION IMPROVEMENT ACT

7.   For such other relief as the Court may deem proper.

DATED:   October 29, 2009   **LAW OFFICES OF JIM O. WHITWORTH**

By: _____
Jim O. Whitworth, Esq.
Attorneys for Plaintiffs,
LORETTA HUNG and
FRANCIS HUNG

## AS TO THE FIRST AND SECOND CAUSES OF ACTION

Plaintiffs, LORETTA HUNG and FRANCIS HUNG hereby demand a jury trial on the causes of action asserted herein.

DATED:   October 29, 2009   **LAW OFFICES OF JIM O. WHITWORTH**

By: _____
Jim O. Whitworth, Esq.
Attorneys for Plaintiffs,
LORETTA HUNG and
FRANCIS HUNG

- 12 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 8040 RGK (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LORETTA M. HUNG, an individual, and FRANCIS HUNG, an individual,

**DEFENDANTS**
TOYOTA MOTOR SALES U.S.A., INC., a corporation; VISTA LEXUS, a
business entity, form unknown; and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jim O. Whitworth (SBN 222031); LAW OFFICES OF JIM O. WHITWORTH
8840 Warner Avenue, Suite 301, Fountain Valley, CA 92708
Phone: (714) 841-0585 Fax: (714) 908-1754

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 84,684.14

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PROPERTY | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-8040

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2


BY FAX

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Jim P. Wentworth_   Date October 29, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Jim O. Whitworth (SBN 222031)
8840 Warner Avenue, Suite 301
Fountain Valley, CA 92708
(714) 841-0585 - telephone
(714) 908-1754 - fax

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA M. HUNG, an individual, and FRANCIS HUNG, an individual,<br><br>PLAINTIFF(S)<br><br>v. | CASE NUMBER<br><br>CV09-8040 RGK (Ex) |
| TOYOTA MOTOR SALES U.S.A., INC., a corporation; VISTA LEXUS, a business entity, form unknown; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jim O. Whitworth_____, whose address is _8840 Warner Avenue, #301, Fountain Valley, CA 92708_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __- 3 NOV 2009__

By: ____**SHEA BOURGEOIS**____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS