Sean D. Beatty (Bar No.155328)
John W. Myers IV (Bar No. 179975)
BEATTY & MYERS, LLP
100 West Broadway, East Tower, Suite 5000
Long Beach, California 90802
Telephone: (562) 606-1530
Fax: (562) 268-1141

Attorneys for defendants Toyota Motor Sales, U.S.A., Inc. and
Vista Automotive, Inc., dba Vista Lexus

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA M. HUNG, an individual, and FRANCIS HUNG, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES USA, INC., a corporation; VISTA LEXUS, a business entity, form unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  CV 09-8040 RGK (Ex)<br><br>Judge:          Hon. R. Gary Klausner<br>Magistrate:  Charles F. Eick<br><br>**DEFENDANT VISTA AUTOMOTIVE, INC., DBA VISTA LEXUS' ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  November 3, 2009<br>Trial Date:           None |

Defendant Vista Automotive, Inc., dba Vista Lexus, answers plaintiffs' complaint as follows:

1. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of the complaint, and on that basis denies said allegations.

2. Defendant admits the allegations in Paragraph 2 of the complaint.

3. Defendant admits the allegations in Paragraph 3 of the complaint.

4. Defendant lacks sufficient information to form a belief as to the truth

of the allegations in Paragraph 4 of the complaint, and on that basis denies said allegations.

5. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5 of the complaint, and on that basis denies said allegations.

6. Defendant denies the allegations in Paragraph 6 of the complaint.

7. Defendant denies the allegations in Paragraph 7 of the complaint.

8. Answering Paragraph 8, defendant admits that it was the distributor of the subject vehicle.

9. Defendant admits the allegations in Paragraph 9 of the complaint.

10. Defendant denies the allegations in Paragraph 10 of the complaint.

11. Answering Paragraph 11 of the complaint, defendant admits that plaintiff Loretta Hung purchased the subject vehicle from Vista Lexus for $38,771, plus tax, license, and fees, on September 25, 2005. Defendant denies the allegations of Paragraph 11 with respect to plaintiff Francis Hung, who was not a purchaser of the subject vehicle.

12. Answering paragraph 12, defendant admits that plaintiff Loretta Hung received a written limited warranty, the terms of which are set forth therein. Francis Hung was not a purchaser and received no warranties.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the complaint, and on that basis denies said allegations.

14. Answering Paragraph 14, defendant admits that the subject vehicle was presented for service and/or warranty repairs to an authorized Lexus dealership.

15. Defendant denies the allegations in Paragraph 15 of the complaint.

16. Defendant denies the allegations in Paragraph 16 of the complaint.

17. Answering Paragraph 17, defendant admits that the subject vehicle

1 was presented for service and/or warranty repairs to an authorized Lexus
2 dealership.

3     18. Answering Paragraph 18, defendant admits that the subject vehicle
4 was presented for service and/or warranty repairs to an authorized Lexus
5 dealership.

6     19. Defendant denies the allegations in Paragraph 19 of the complaint.

7     20. Defendant denies the allegations in Paragraph 20 of the complaint.

8     21. Paragraph 21 is a statement of reference, not subject to admission or
9 denial.

10     22. Paragraph 22 is a statement of reference, not subject to admission or
11 denial.

12     23. Answering paragraph 23, defendant incorporates its responses to
13 Paragraphs 1 through 22, above.

14     24. Answering Paragraph 24 of the complaint, defendant admits that
15 plaintiff Loretta Hung purchased the subject vehicle from Vista Lexus for
16 $38,771, plus tax, license, and fees, on September 25, 2005. Defendant denies the
17 allegations of Paragraph 24 with respect to plaintiff Francis Hung, who was not a
18 purchaser of the subject vehicle.

19     25. Answering Paragraph 25, defendant admits that the vehicle was sold
20 in California. With respect to the terms, see Paragraphs 11 or 25.

21     26. Answering paragraph 26, defendant admits that plaintiff Loretta Hung
22 received a written limited warranty, the terms of which are set forth therein.
23 Francis Hung was not a purchaser and received no warranties.

24     27. Answering Paragraph 27, defendant admits that the subject vehicle
25 was presented for service and/or warranty repairs to an authorized Lexus
26 dealership, but denies that any problems were noticed "soon" after the purchase.
27 The first complaint-related service visit was not until February 16, 2007.

28     28. Answering Paragraph 28, defendant admits that the sale of the subject

1  vehicle may have been accompanied by certain implied warranties.  Defendant
2  admits that the duration of any such implied warranties was not longer than one
3  year.
4      29.    Paragraph 29 of the complaint is a purported statement of the law, not
5  appropriate for admission or denial.
6      30.    Defendant denies the allegations in Paragraph 30 of the complaint.
7      31.    Defendant denies the allegations in Paragraph 31 of the complaint.
8      32.    Defendant denies the allegations in Paragraph 32 of the complaint.
9      33.    Defendant denies the allegations in Paragraph 33 of the complaint.
10     34.    Answering Paragraph 34, defendant incorporates its responses to
11 Paragraphs 1 through 33, above.
12     35.    Defendant denies the allegations in Paragraph 35 of the complaint.
13     36.    Answering Paragraph 36, defendant denies that an implied warranty
14 of fitness for a particular purpose was created in connection with the sale of the
15 subject vehicle.  Further, defendant denies that the duration of such an implied
16 warranty would be co-extensive with the duration of the express warranty
17 provided by defendant.  It would be limited to one year.
18     37.    Defendant denies the allegations in Paragraph 37 of the complaint.
19     38.    Defendant denies the allegations in Paragraph 38 of the complaint.
20     39.    Defendant denies the allegations in Paragraph 39 of the complaint.
21     40.    Answering Paragraph 40, defendant incorporates its responses to
22 Paragraphs 1 through 39, above.
23     41.    Answering Paragraph 41, defendant admits that the subject vehicle
24 was presented for service and/or warranty repairs to an authorized Lexus
25 dealership, but denies the remaining allegations.
26     42.    Defendant denies the allegations in Paragraph 42 of the complaint.
27     43.    Defendant denies the allegations in Paragraph 43 of the complaint.
28     44.    Defendant denies the allegations in Paragraph 44 of the complaint.

45. Answering paragraph 45, defendant incorporates its responses to Paragraphs 1 through 44, above.

46. Defendant denies the allegations in Paragraph 46 of the complaint.

47. Defendant denies the allegations in Paragraph 47 of the complaint.

48. Paragraph 48 of the complaint is a purported statement of the law, not appropriate for admission or denial.

49. Defendant denies the allegations in Paragraph 49 of the complaint.

50. Defendant denies the allegations in Paragraph 50 of the complaint.

**FOR ITS AFFIRMATIVE DEFENSES, TOYOTA MOTOR SALES, U.S.A., INC., ALLEGES AS FOLLOWS:**

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against this defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Failure to Allow a Cure)**

Defendant is informed and believes and thereon alleges that plaintiffs are barred from obtaining the relief sought in the Complaint on the grounds that plaintiffs have failed and refused to allow defendant a reasonable opportunity to cure any alleged breach by defendant.

### THIRD AFFIRMATIVE DEFENSE
**(Mitigation)**

Defendant is informed and believes and thereon alleges that plaintiffs' alleged damages, if any, are the result, in whole or in part, of plaintiffs' failure to exercise reasonable care to reduce or mitigate their damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

Defendant is informed and believes and thereon alleges that plaintiffs are barred in whole or in part by their, or others, contributory negligence and/or fault from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and thereon alleges that plaintiffs are barred in whole or in part under the doctrine of unclean hands from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Defendant is informed and believes and thereon alleges that plaintiffs are barred in whole or in part by their, or others, comparative negligence and/or fault or otherwise from any and/or all legal or equitable relief against defendant, as requested in the Complaint or otherwise.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in California Code of Civil Procedure sections 337(1), 337(3), 338(a), 339(1), 339(3), 340(1), 343, 2725 and/or any other statute of limitation applicable to the present action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

No act or omission of defendant was the cause in fact or the proximate

1  cause of the injuries and damages, if any, sustained by plaintiffs.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiffs were proximately caused and contributed by the superseding, intervening acts or omissions of persons other than defendant in that said person, and each of them, were careless and negligent concerning the matters alleged in the Complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the Complaint with the result that the damages, if any, recoverable by plaintiffs herein must be diminished in proportion to the fault attributable to such other person.

## TENTH AFFIRMATIVE DEFENSE
### (Misuse of Subject Vehicle)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiffs were directly and proximately caused and contributed to by the misuse of and the unreasonable and improper use of the subject vehicle. Further, the misuse or failure to use properly the subject vehicle contributed to the loss, injury, damage or detriment, if any, alleged in the Complaint and the damages, if any, recoverable by plaintiffs herein must be diminished in proportion to the amount of fault attributable to such misuse or unreasonable or improper use.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Alteration of Subject Vehicle)

The subject vehicle was not in a defective or unmerchantable condition at any time when it left the possession, custody and control of defendant. Any damage to the subject vehicle was caused and created by changes and alterations made to the subject vehicle, subsequent to the time of the subject vehicle's manufacture and/or sale, by persons other than defendant or any of his agents, servants or employees, barring plaintiffs' recovery herein.

## TWELFTH AFFIRMATIVE DEFENSE
### (Disclaimer)

Defendant is informed and believes and thereon alleges that prior to and at the time of the alleged acts, omissions and conduct of defendant as alleged in the Complaint, defendant expressly disclaimed, negated and excluded all warranties of the type herein alleged by plaintiffs, and or any type, express or implied, whatsoever.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Defendant is informed and believes and thereon alleges that any breach of warranty of fitness or merchantability if any, and any other breach of warranty, if any, and any breach of contractual undertakings of defendant, if any, were neither the cause in fact nor the proximate cause of plaintiffs' damages. Rather, any said breaches, if any, were only secondary, inconsequential, indirect and in no way contributed to or caused the alleged damages of plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Comply With Statutory Requirements)

Defendant is informed and believes, and thereon alleges, that the claims alleged against defendant in the Complaint are barred by the failure of plaintiffs to comply with the applicable statutory requirements before filing this action, including, but not limited to, 15 U.S.C. 2310(a) and California Civil Code § 1793.22(c).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Not Intended Use)

Any and all damages, if any, sustained or suffered by plaintiffs were proximately caused and contributed to by the use of the subject vehicle for a purpose for which it was not intended to be used. Plaintiffs knew, or should have known, that the subject vehicle was not used in a manner for which the subject

vehicle was manufactured or intended, and that such unintended use could cause damage to plaintiffs. Plaintiffs' recovery must be barred or reduced in proportion to the amount attributable to the plaintiffs' use of the subject vehicle in an unintended manner.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Maintenance)

Plaintiffs' damages, if any, were the direct and proximate result of the conduct of plaintiffs and/or plaintiffs' agents, employees or representative, in that they negligently, carelessly, recklessly, knowingly, and willfully operated, maintained, and serviced the subject vehicle which is the subject of this lawsuit and/or directed and controlled all operations and maintenance of said subject vehicle. Plaintiffs' damages, if any, were directly and proximately caused, in whole or in part and/or were contributed to or aggravated by the conduct of plaintiffs and/or plaintiffs' agents, employees or representatives, when they so negligently, carelessly, recklessly, knowingly and willfully failed to repair the said subject vehicle, knowing that said subject vehicle needed repair, but, instead proceeded to operate, and otherwise make use of the subject vehicle and/or make improper and inadequate repairs to said subject vehicle. Plaintiffs' right to recovery should be barred or reduced by an amount equivalent to such percentage of fault.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Subject Vehicle in Conformity)

Defendant is informed and believes and thereon alleges that if it is determined that the subject vehicle failed to conform at any time with any applicable warranty extended by defendant, defendant alleges that the subject vehicle is now fully in conformity with such warranty.

///

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Impairment)

Defendant is informed and believes and thereon alleges that the condition of the subject vehicle, as described in the Complaint, did not and does not substantially impair the subject vehicle's use, value or safety.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Consequential Damages)

Defendant, in response to the Complaint and each of its cause of action, states that plaintiffs' claims for consequential damages are specifically barred by the terms of the warranty in question and applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and thereon alleges that plaintiffs have inexcusably delayed in proceeding with this claim despite plaintiffs' contention that defendant was liable to plaintiffs. Plaintiffs' inexcusable delay has prejudiced defendant's position and plaintiff is therefore barred by laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that plaintiffs are estopped from obtaining the relief sought in their complaint by virtue of their acts and conduct in connection with the matters alleged in the complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and thereon alleges that plaintiffs have waived their rights, if any, to obtain the relief sought in the Complaint.

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Privity)

Plaintiffs and defendant were not in privity of contract wherefore plaintiffs may not obtain the requested relief from defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Release)

Defendant is informed and believes, and thereon alleges that plaintiffs have released defendant from any and all claims, including those raised in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

The risks and dangers in plaintiffs' conduct were known to the plaintiffs. Plaintiffs nevertheless conducted themselves in such a manner so as to expose themselves and remain exposed to said risks and dangers and by doing so assumed all the risks attendant thereto. At said time, date and place of the incidents described in the Complaint, plaintiffs voluntarily assumed the risks of the activities in which they were then and there engaged and under the circumstances and conditions then and there existing, and the resultant injuries, if any, and damages, if any, sustained by plaintiffs were proximately caused by plaintiffs' own voluntary assumption of risk.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Vagueness)

The Complaint is vague, uncertain, ambiguous and unintelligible.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Toyota Motor Sales, U.S.A., Inc., maintains a qualified third party dispute resolution process, which substantially complies with section 1793.22 of the

California Civil Code. Defendant is informed and believes and thereon alleges plaintiffs received timely and appropriate notification of the availability of the third party resolution process. Accordingly, since plaintiffs did not avail themselves of the third party dispute resolution process prior to filing a legal action, section 1794(e)(2) of the California Civil Code affirmatively bars plaintiffs from recovering damages for (i) attorney's fees, (ii) costs, and (iii) treble damages (as provided under California Civil Code section 1794(e)) and plaintiffs cannot avail themselves of the rebuttable presumption pursuant to California Civil Code section 1793.22(b).

The qualified third party dispute resolution process also complies with 15 U.S.C. 2310(a), and plaintiffs' failure to participate in the process precludes relief under the Magnuson-Moss Warranty Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

///
///
///

1

2  **WHEREFORE, defendant prays:**

3  1.  That plaintiffs take nothing by their Complaint;

4  2.  For cost of suit;

5  3.  For attorney's fees; and

6  4.  For such other and further relief as the Court deems just and proper.

7

8  **FURTHER, defendant demands a jury trial.**

9

10  Dated:  December 14, 2009

11  　　　　　　　　　　　　BEATTY & MYERS, LLP

12

13  　　　　　　　　　　　　s/John W. Myers IV
　　　　　　　　　　　　SEAN D. BEATTY
14  　　　　　　　　　　　　JOHN W. MYERS IV
　　　　　　　　　　　　Attorneys for defendants Toyota Motor Sales,
15  　　　　　　　　　　　　U.S.A., Inc. and Vista Automotive, Inc., dba Vista Lexus

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, John W. Myers IV, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 W. Broadway, #5000 (East Tower), Long Beach, California, 90802.

**[X]   ELECTRONICALLY**: On the date indicated below, an attorney with our office will file the document described below electronically using the Court's CM/ECF System. I am informed and believe that the Court's CM/EFC System will automatically e-mail a Notice of Electronic Filing to each registered CM/ECF user and that this e-mailing will constitute electronic service of the document.

Document(s) Served: **DEFENDANT VISTA AUTOMOTIVE, INC., DBA VISTA LEXUS' ANSWER TO COMPLAINT (WITH DEMAND FOR JURY TRIAL)**

Person(s) served, address(es), and fax number(s):

| | |
|---|---|
| Jim O. Whitworth | Attorneys for plaintiffs |
| Law Offices of Jim O. Whitworth | |
| 8840 Warner Ave., Suite 301 | (714) 841-0585 – phone |
| Fountain Valley, CA  92708 | (714) 908-1754 – fax |
| Jim@lemoncarhelp.com | |

| | |
|---|---|
| Date of Service: | December 14, 2009 |
| Date Proof of Service Signed: | December 14, 2009 |

I declare under penalty of perjury under the laws of the United States of America and on my own personal knowledge that the above is true and correct.

/s/ John W. Myers IV
JOHN W. MYERS IV