1  Jim O. Whitworth (SBN 222031)
   jim@lemoncarhelp.com
2  **LAW OFFICES OF**
   **JIM O. WHITWORTH**
3  8840 Warner Avenue, Suite 301
   Fountain Valley, CA  92708
   (714) 841-0585 - telephone
   (714) 908-1754 - fax
4
   Attorneys for Plaintiffs,
5  **LORETTA HUNG AND FRANCIS HUNG**

6  Sean Beatty
   E-mail: sbeatty@beattymyers.com
   John W. Myers IV
7  E-mail: jmyers@beattymyers.com
   BEATTY & MYERS, LLP
   100 West Broadway, East Tower, Suite 5000
8  Long Beach, CA  90802
   Tel:(562) 606-1530 Fax: (562) 268-1141

9  Attorneys for Defendants,
   **TOYOTA MOTOR SALES U.S.A., INC. and VISTA LEXUS**

10

11              **UNITED STATES DISTRICT COURT**

                **CENTRAL DISTRICT OF CALIFORNIA**
12

13  LORETTA HUNG, an individual, and          )   **Case No.: CV09-8040 RGK(Ex)**
    FRANCIS HUNG, an individual,              )   Complaint filed: November 3, 2009
14                                            )
                    Plaintiffs,               )   Judge: Hon. R. Gary Klausner
                                              )   Magistrate: Hon. Charles Eick
15          vs.                               )
                                              )   **PROPOSED PRE-TRIAL**
16  TOYOTA MOTOR SALES U.S.A.,                )   **CONFERENCE ORDER**
    INC., a corporation; VISTA LEXUS, a       )
    business entity, form unknown; and        )
17  DOES 1 through 10, inclusive,             )   **FINAL PRE-TRIAL CONFERENCE**
                                              )   **DATE:        November 8, 2010**
                    Defendants.               )   **TIME:        9:00 A.M.**
18                                            )
                                              )
19  _____ )

20                                   - 1 -

21

On September 30, 2010, the parties held the conference required by Local Rule 16 and accordingly submit this Joint Proposed Pre-Trial Order.

L.R. 16 It is ordered!

1.     The parties are Plaintiffs, Loretta Hung and her son Francis Hung. Defendants are Toyota Motor Sales U.S.A. and Vista Lexus, Inc.

All the parties have been served and appeared.  All other parties not identified are now dismissed.

The Pleadings that raise the issues are the Complaint and the Answer.

2.     The facts necessary to confer federal jurisdiction and venue are disputed. This matter proceeded through litigation in state Court where ultimately the Court would not continue the matter when Plaintiffs were out of town for a month and Plaintiff's counsel had medical emergencies.  During that time, and after,  while determining what steps if any to take next Plaintiffs' counsel made direct demands on defense counsel John Myers for arbitration and any other informal dispute resolution Toyota wanted to pursue.  Counsel responded, the matter had been dismissed and they were provided costs as the prevailing party and therefore did not respond to the demand for any alternative dispute until after the filing of this claim.

1    Plaintiffs filed in Federal Court alleging violation of the Federal

2 Magnusson Moss Consumer Warranty Act 15 U.S.A. 2301 et seq.  and the California

3 Song Beverly Consumer Warranty Act California Civil Code Section 1792 et seq.

4    Defendants contend that the facts necessary to confer federal jurisdiction and

5 venue are not present.  Defendants contend that plaintiffs have not complied with the

6 statutory requirements for relief under the Magnuson-Moss Act.  Specifically,

7 defendants contend that plaintiffs failed to participate in TMS' qualified information

8 dispute resolution program as required by 15 U.S.C. section 2310.

9    3.    Trial Estimate:  Defendants estimate 4-5 days for the jury trial.

10    4.    Stipulated Facts:  LORETTA HUNG and FRANCIS HUNG

11 ("Plaintiffs") purchased a 2005 LEXUS RX330 bearing Vehicle Identification Number

12 2T2GA31UX5C042005 (VIN) ("Subject Vehicle"), from Defendant, VISTA LEXUS

13 ("VISTA" or "DEFENDANT") on September 25, 2005, for $42,342.07, including tax,

14 license, and title.  The vehicle was presented to Jim Faulk Lexus of Beverly Hills in

15 Beverly Hills, California for repairs under the warranty.  The vehicle came with an

16 express written warranty and the implied warranties arose by operation of law.

17 TOYOTA MOTOR SALES U.S.A., INC. ("Toyota" or "Defendant") manufactured

18 the motor vehicle that is the subject of this action.

19

20

21

5.      Plaintiffs contend the vehicle has suffered moldings falling off, broken struts and problems related to the suspension; electrical problems that include the vehicle not starting and the lights not working properly.  The defects have not been repaired after a reasonable number of attempts.  Plaintiffs contend that the vehicle suffers nonconformities and that there has been substantial impairment of use, value, or safety.

Plaintiffs contend that Defendants breached their express and implied warranty obligations under Song-Beverly and Magnusson Moss Consumer Warranty Acts.  Plaintiffs contend that Defendants had a reasonable number of attempts to make the Subject Vehicle conform to the applicable express warranties, but failed to do so.  Plaintiffs also contend that the Subject Vehicle's condition violated the implied warranty of merchantability.  Finally, Plaintiffs contend that Defendants' failure to replace the SUBJECT VEHICLE or refund their money was willful, justifying a civil penalty.

A.      Plaintiffs plan to pursue the following claims against the following defendants:

1.      Claim 1:  Defendants breached the implied warranty of merchantability.

2.      Claim 2:  Toyota Motor Sales U.S.A., Inc. breached an express written warranty

- 4 -

3.      Claim 3:  Toyota Motor Sales U.S.A., Inc. failed to promptly offer to repurchase or replace the Lexus RX 330

4.      Claim 4:  Toyota Motor Sales U.S.A., Inc. violation of the obligations in claim 2 and 3 was willful and is subject to a civil penalty under Civil Code section 1794(c)

5.      Claim 5:  Toyota Motor Sales U.S.A., Inc. violated Civil Code section 1793.2(d) and is subject to a civil penalty under Civil Code section 1794(e)

**1.      Claim 1:  Implied warranty of merchantability**

Plaintiffs assert this claim under both California law and under the federal Magnuson-Moss Warranty Act.  The elements required to prove the state law claim are slightly different than the federal claim, so they are stated separately below. a.

California Song-Beverly Consumer Warranty Act

(1)      Plaintiffs purchased the Lexus RX 330 at retail in California.

(2)      Plaintiffs purchased or used the Lexus RX 330 primarily for personal, family, or household use.

(3)      At the time of the sale or at any time while the Lexus RX 330 was covered by an express warranty, the Lexus RX 330 (1) did not pass without objection in the trade under the contract description, (2) was not fit for the ordinary purposes for which such goods are used, (3) was not adequately contained, packaged, and labeled

- 5 -

and/or (4) did not conform to the promises or affirmations of fact made on the container or label.

(4)   Plaintiffs were damaged. Cal. Civ. Code § 1794(a); Cal. Civ. Code § 1792. b.   Federal Magnuson-Moss Warranty Act   (1)  Plaintiffs purchased the Lexus RX 330 at retail anywhere in the United States.  (2)  The Lexus RX 330 is the kind of product that is ordinarily used primarily for personal, family, or household purposes.  (3)  At the time of the sale or at any time while the « Lexus RX 330 was covered by an express warranty, the Lexus RX 330 (1) did not pass without objection in the trade under the contract description, (2) was not fit for the ordinary purposes for which such goods are used, (3) was not adequately contained, packaged, and labeled and/or (4) did not conform to the promises or affirmations of fact made on the container or label.

(5)   Plaintiffs gave the Defendant or its authorized dealers a reasonable opportunity to either repair the product, replace the product, or provide Plaintiffs with a full refund of the purchase price.

(6)   Plaintiffs were damaged. 15 U.S.C. § 2310(d).


2.   **Claim 2:  Breach of express written warranty**

Plaintiffs assert this claim under both California law and under the federal

1    Magnuson-Moss Warranty Act.  The elements required to prove the state law claim

2    are slightly different than the federal claim, so they are stated separately below. a.

3         California Song-Beverly Consumer Warranty Act

4         (1)     Plaintiffs purchased the Lexus RX 330 at retail in California.

5         (2)     Plaintiffs purchased or used the Lexus RX 330 primarily for personal,

6    family, or household purposes.

7         (3)     Defendants provided an express warranty on the Lexus RX 330.

8         (4)     Defendants failed to comply with any obligation imposed under the

9    express warranty on at least one occasion.

10        (5)     Plaintiffs were damaged. Cal. Civ. Code § 1794(a). b.      Federal

11   Magnuson-Moss Warranty Act   (1)  Plaintiffs purchased the Lexus RX 330 at retail

12   anywhere in the United States.   (2)  The Lexus RX 330 is the kind of product that is

13   ordinarily used primarily for personal, family, or household use.   (3)  The Defendant

14   provided an express warranty on the Lexus RX 330.   (4)  Defendants failed to comply

15   with any obligation imposed under the express warranty on at least one occasion.   (5)

16   Plaintiffs gave the Defendants or its authorized dealers a reasonable opportunity to

17   either repair the product, replace the product, or provide Plaintiffs with a full refund of

18   the purchase price.  (6)  Plaintiffs were damaged. 15 U.S.C. § 2310(d).

19

20

21

- 7 -

**3.** __Claim 3:  Failure to promptly offer to repurchase or replace the__
__Lexus RX 330__

(1)     Plaintiffs purchased the Lexus RX 330 at retail in California.

(2)     Plaintiffs purchased or used the Lexus RX 330 primarily for personal,
family, or household purposes.

(3)     Defendants provided an express warranty on the Lexus RX 330.

(4)     Defendants and/or its representative in this state was unable to service or
repair the Lexus RX 330 to conform to the applicable express warranties after a
reasonable number of attempts.

(5)     The use, value, or safety of the Lexus RX 330 was substantially impaired
to the Plaintiffs.

(6)     Defendants did not promptly replace the Lexus RX 330 or promptly
make restitution to the buyer in the manner required by Civil Code section 1793.2(d).

(7)     Plaintiffs were damaged. Cal. Civ. Code § 1794(a); Cal. Civ. Code §
1793.2(d).

**4.** __Claim 4:  Civil penalty for willful violation__

(1)     The failure to comply with any obligation under any express warranty,
service contract, or under any provision of the Song-Beverly Consumer Warranty Act

1  (other than an obligation under an implied warranty) was willful.  Cal. Civ. Code §

2  1794(c).

3

4  **5.    Claim 5:  Mandatory civil penalty for violation of Civil Code section**

5  **1793.2(d)**

6        (1)    Defendants failed to comply with any obligation under paragraph (2) of

7  subdivision (d) of Section 1793.2.  Cal. Civ. Code § 1794(e).

8        In brief, the key evidence Plaintiffs rely on for each of the claims is:

9        Plaintiff's testimony, Plaintiff's spouse's testimony, the testimony of Plaintiff's

10  friends and family members, testimony of any designated expert, the Purchase

11  contract, documents signed at the time of the purchase, the warranty booklet and

12  owner's manual, repairs orders and invoices, bills and invoices showing Plaintiff's

13  damages, registration receipts and title documents, photographs and video, and the

14  other documents identified in the Joint Exhibit list.

15        Plaintiffs may also call an expert witness, Timothy Sauwein, to testify

16  concerning the defects, their causes, the impact that the defects have on the use, value,

17  and safety of the Lexus RX 330 to the buyer, the potential remedies, and the cost of

18  performing those remedies.

19        Plaintiffs will testify to the amounts they paid for the Lexus RX 330 and their

20

21

- 9 -

1  other damages.

2       Plaintiffs will testify that they required the Lexus RX 330 for daily

3  transportation purposes and that they relied upon Defendant's skill and judgment to

4  provide a Lexus RX 330 that was suitable for that purpose.

5       Plaintiffs will testify that after receiving the Lexus RX 330 and while the

6  warranty was in effect, the Lexus RX 330 exhibited the following non-conformities:

7  difficulty starting; noise from driver's side rear; and the molding on the roof coming

8  off.  As a result, the Lexus RX 330 was not suitable for their purpose.

9       Plaintiffs will testify that after receiving the Lexus RX 330 and while the

10 warranty was in effect, the Lexus RX 330 had various defects and that although they

11 sought service in accordance with the warranty, Defendant failed to repair at least one

12 defect on at least one occasion.

13      Plaintiffs will testify that after receiving the Lexus RX 330 and while the

14 warranty was in effect, the « Lexus RX 330 had various defects and that although they

15 sought service in accordance with the warranty, the dealership failed to conform the

16 Lexus RX 330 to the terms of the express warranty within a reasonable number of

17 repair attempts.

18      Plaintiffs will testify that Defendant did not promptly offer to repurchase or

19 replace the Lexus RX 330.

20

- 10 -

21

1    Plaintiffs will testify that he made Defendant aware of the problems by having

2    conversations with various personnel employed by the Defendant and that the

3    Defendant still failed to comply with its obligations under the law.

4    Plaintiffs will introduce discovery responses and elicit testimony from defense

5    witnesses showing that Defendant does not have a written policy for complying with

6    its obligations under California's lemon law.

7    Plaintiffs will introduce written documents, including discovery responses, and

8    elicit testimony from defense witnesses that Defendant did not conduct a reasonable

9    investigation to determine whether the SUBJECT VEHICLE qualified for repurchase.

10    Plaintiffs will introduce evidence showing that Defendant continued its practice

11    of failing to act reasonably when defending this action.

12    Defendants contend that there have not been an unreasonable number of

13    attempts to repair any condition covered by warranty.  Defendants contend that the

14    vehicle does not suffer from any nonconformity to warranty and that there has been no

15    substantial impairment of use, value or safety as a result of any condition covered by

16    warranty.  In addition to disputing liability under each of plaintiffs' causes of action,

17    defendants plan to pursue the following counterclaims and affirmative defenses:

18        1.  Lack of causation (general)

19        2.  Lack of causation (breach of warranty)

- 11 -

1    3. Failure to comply with statutory requirements

2    4. Failure to perform maintenance

3    5. Qualified third party dispute resolution process

4    6. Failure to mitigate

5    7. Statute of limitations

6    <u>The elements required to establish defendants' counterclaims and affirmative</u>

7    <u>defenses are</u>:

8        1.    Lack of causation (general).  Defendants are not responsible for any harm

9    to plaintiffs if plaintiffs fail to prove that any defect in the vehicle (or failure to match

10   any written/implied warranty) was caused by a defect in materials or workmanship.

11   See CACI 3220, Cal. Civ. Code section 1794.3, TMS' New Vehicle Limited

12   Warranty.

13       2.    Lack of causation (breach of warranty).  Defendants are not responsible

14   for any harm to plaintiffs if plaintiffs fail to prove that any defect in the vehicle (or

15   failure to match any written/implied warranty) was caused by a defect in materials or

16   workmanship.  See CACI 3220, Cal. Civ. Code section 1794.3, TMS' New Vehicle

17   Limited Warranty.

18       3.    Failure to comply with statutory requirements.  Plaintiffs must have

19   resorted to TMS' qualified informal dispute resolution mechanism before filing suit,

20                                        - 12 -

21

in order to seek any relief under the Magnuson-Moss Act and in order to claim the presumption of a nonconformity or a civil penalty under Civil Code section 1794(e).

4.     Failure to perform maintenance.  Defendants are not responsible for any harm to plaintiffs if defendants prove that any defect in the vehicle (or failure to match any written/implied warranty) was caused by a failure to maintain the vehicle after it was sold.  See CACI 3220, Cal. Civ. Code section 1794.3, TMS' New Vehicle Limited Warranty.

5.     Qualified third party dispute resolution process.  Plaintiffs must have resorted to TMS' qualified informal dispute resolution mechanism before filing suit, in order to seek relief under the Magnuson-Moss Act and in order to claim the presumption of a nonconformity or a civil penalty under Civil Code section 1794(e).

6.     Failure to mitigate.  Plaintiffs have a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages. The defendants have the burden of proving by a preponderance of the evidence: that the plaintiffs failed to use reasonable efforts to mitigate damages; and the amount by which damages would have been mitigated.  9th Circuit Model Civil Jury Instructions, no. 5.3.

7.     Statute of Limitations.  Plaintiffs had no problems with the vehicle within the one year duration of implied warranties.

- 13 -

<u>Evidence in Support of Defendants' Claims and Defenses</u>:

Defendants' experts will testify that the vehicle was fit for the ordinary purposes for which it was used, within the one year duration of implied warranties. The vehicle was not subject to an unreasonable number of repair attempts for any condition covered by warranty.  The use, value and safety of the vehicle have not been substantially impaired by any condition covered by warranty.  Francis Hung was not the owner of the vehicle at any time and has no standing.  Defendants will introduce the service records, part/component diagrams, parts and other technical data for the subject vehicle, documents/data obtained at the defense litigation inspection(s) (including photographs and video), and other documents as identified on the parties' joint exhibit list.  The evidence will show that TMS maintains a qualifying dispute resolution program, which plaintiffs failed to pursue before filing suit. The program is compliant with the Magnuson-Moss Warranty Act.

Case No.: CV09-8040 RGK(Ex)
PROPOSED PRE-TRIAL CONFERENCE ORDER

1    In view of the admitted facts and the elements required to establish the claims

2    and affirmative defenses, the following issues remained to be tried:

3    Whether DEFENDANTS had a reasonable number of attempts to make the

4    SUBJECT VEHICLE conform to the applicable warranties;

5    Whether DEFENDANTS failed to make the SUBJECT VEHICLE conform to

6    the applicable warranties after a reasonable number of attempts to do so;

7    Whether DEFENDANTS failed to comply with their express warranty

8    obligations in violation of the Song Beverly and Magnusson Moss Consumer Warranty

9    Acts;

10   Whether the condition of the SUBJECT VEHICLE breached the implied

11   warranty of merchantability in violation of the Song Beverly and Magnusson Moss

12   Consumer Warranty Acts;

13   Whether DEFENDANTS failed to comply with their implied warranty

14   obligations in violation of the Song Beverly and Magnusson Moss Consumer Warranty

15   Acts;

16   Whether DEFENDANTS failed to provide PLAINTIFFS with replacement or

17   restitution in accordance with in violation of the Song Beverly and Magnusson Moss

18   Consumer Warranty Acts;

19

20

- 15 -

21

Whether DEFENDANTS' failure to provide PLAINTIFFS with replacement or restitution in accordance with Song-Beverly was willful; and

Whether DEFENDANTS are liable for a civil penalty for their failure to provide PLAINTIFFS with replacement or restitution in accordance with Song-Beverly.[1]

1.      All discovery is complete.

2.      All disclosures under F.R. Civ. P. 26 (a) (3) have been made.

3.      The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-5.

4.      Witness lists have been filed with the Court.

5.       Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1.

6.      Jeff Norton

7.      Dominic Vinciguerra

8.      There are motions in limine pending.

9.      There are not issues subject to bifurcation.

---

[1] Civ. Code § 1794.

Case No.: CV09-8040 RGK(Ex)
PROPOSED PRE-TRIAL CONFERENCE ORDER

10. The parties having specified the issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this case, unless modified to prevent manifest injustice.

Dated _____, 2010

_____

United States District Judge

Approved as to form and content.

DATED: November 5, 2010      **LAW OFFICES OF JIM O. WHITWORTH**

By:   __/s/ Jim O. Whitworth_____
Jim O. Whitworth, Esq.
Attorneys for Plaintiffs,
LORETTA HUNG and
FRANCIS HUNG

- 17 -

Case No.: CV09-8040 RGK(Ex)
PROPOSED PRE-TRIAL CONFERENCE ORDER