Sean D. Beatty  (Bar No.155328)
John W. Myers IV  (Bar No. 179975)
BEATTY & MYERS, LLP
100 West Broadway, Suite 500
Long Beach, California 90802
Telephone: (562) 606-1530
Fax: (562) 268-1141

Attorneys for defendants Toyota Motor Sales, U.S.A., Inc. and Vista Automotive, Inc., dba Vista Lexus

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA M. HUNG, an individual and FRANCIS HUNG, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES USA, INC., a corporation; VISTA LEXUS, a business entity, form unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  CV 09-8040 RGK (Ex)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:      Hon. R. Gary Klausner<br>Magistrate: Charles F. Eick<br><br>Pre-Trial Conf:   November 1, 2010<br>Disc. Cut-Off:    August 19, 2010<br>Trial Date:       November 16, 2010 |

TO THE COURT AND THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Defendants Toyota Motor Sales, U.S.A., Inc. (TMS) and Vista Automotive, Inc., dba Vista Lexus request that the Court take judicial notice pursuant to Federal Rule of Evidence 201, of the following facts:

1. That TMS' arbitration program substantially complies with the requirements of California Civil Code section 1793.22(d).

2. That TMS' arbitration program substantially complies with Magnuson-Moss.

This request is made pursuant to Evidence Code section 452(c), which allows the Court to take judicial notice of "official acts" of legislative, executive, or judicial departments of the federal government or any state government. (See Casella v. SouthWest Dealer Services (2007) 157 Cal.App.4th 1127, 1137 [judicial notice taken of a state administrative agency's adoption of administrative law judge's factual findings and decision].)

TMS' arbitration program for Lexus vehicles is administered by the National Center for Dispute Settlement ("NCDS") and the program has been audited for compliance with the Magnuson-Moss Act pursuant to Federal Trade Commission ("FTC") rules. The requirements under Magnuson-Moss and Song-Beverly are similar. The rules for the arbitration program under Song-Beverly are stated in Civ. Code § 1793.22(d) et seq. § 1793.22(d)(1) requires that any arbitration program must comply with the minimum requirements of the FTC for informal dispute settlement procedures as set forth in Part 703 of Title 16 of the Code of Federal Regulations. The requirements under Magnuson-Moss are simply the requirements of 16 CFR 703. The requirements under Song-Beverly are primarily the same with only a few additional requirements or alterations, including that the arbitration decision is binding on the manufacturer in California, that the manufacturer must fulfill the terms of the decision within 30 days of the buyer accepting the arbitration ruling, and that the process must be free to the buyer. The Lexus program meets all requirements under Magnuson-Moss and has comported itself to these additional requirements under Song-Beverly as well.

///
///
///
///
///
///

1   Exhibit "A" are copies of the FTC audit summaries of the NCDS program
2   for 2005-2009.

4   Dated: November 15, 2010

                                        BEATTY & MYERS, LLP

                                        /s/ John W. Myers IV
                                        SEAN D. BEATTY
                                        JOHN W. MYERS IV
                                        Attorneys for defendants Toyota Motor
                                        Sales, U.S.A., Inc. and Vista Automotive,
                                        Inc., dba Vista Lexus